**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION**

FILED 99 AUG -4 PM 12: 52 U.S. DISTRICT COURT N.D. OF ALABAMA

| | | |
|---|---|---|
| **AMBER McNAIR,** | ] | |
| Plaintiff, | ] ] | |
| vs. | ] ] | CV 99-N-0799-S |
| **CITY OF GARDENDALE,** | ] ] | |
| Defendant. | ] ] | |

ENTERED AUG 0 4 1999

**Memorandum of Opinion**

In this action, the plaintiff, Amber McNair, seeks redress pursuant to 42 U.S.C. § 1983, the Fourth Amendment to the U.S. Constitution, 42 U.S.C. § 1981, and various state laws. Specifically, McNair claims that she was unlawfully arrested by the Gardendale police for associating with an African American acquaintance. The court has for consideration a motion to dismiss, filed by the City of Gardendale on May 17, 1999, and a motion for leave to amend the complaint, filed by the plaintiff on June 10, 1999. The motions have been briefed and are now ripe for decision. Upon due consideration, plaintiff's motion for leave to amend the complaint will be granted and the motion to dismiss will be denied.

A complaint should not be dismissed for failure to state a claim unless it appears beyond a reasonable doubt that the claimant can prove no set of facts that would entitle him to relief. *Conley v. Gibson*, 355 U.S. 41, 45-46, 78 S. Ct. 99, 101-102, 2 L. Ed. 2d 80 (1957); *Draughton v. City of Oldsmar*, 767 F. Supp. 1144, 1145 (M.D. Fla. 1991). The court when ruling on a motion to dismiss for failure to state a claim upon which relief can be

granted, is required to view the complaint in the light most favorable to the non-movant. *Scheuer v. Rhodes*, 416 U.S. 232, 94 S. Ct. 1683, 40 L. Ed. 2d 90 (1974).

In her amended complaint,[1] McNair alleges that she was taken into custody by the Gardendale police while seated in a parked car with a friend outside a high school football game. *Amended Complaint* ¶ 5-15. While at the station, McNair overheard the officer who detained her tell another officer he did so because "she was sitting in a car with a black guy." *Id.* ¶ 16. When McNair's aunt arrived at the station to pick up her niece, she was also told that McNair had been detained for sitting in a car with a black man. *Id.* ¶ 19.

The motion to dismiss filed by Gardendale, while far from a model of lucidity, raises two primary issues. First, the defendant correctly notes that a municipality cannot be liable on a respondeat superior theory for the actions of its officials. *Monell v. City of New York*, 436 U.S. 658, 98 S. Ct. 2018, 56 L. Ed. 2d 611 (1978). Second, the defendant asserts that plaintiff has failed to allege a custom or policy of Gardendale permitting the actions of its officers, which may confer liability on a municipality under *Monell*. Through amendment to her complaint, however, McNair has specifically alleged that the police officers violated her rights "while acting within the scope of their duties and pursuant to a custom adopted and ratified by [Gardendale]." *Amended Complaint* ¶ 25. While the court is highly skeptical of plaintiff's ability to ultimately demonstrate the existence of a policy or custom ratifying the behavior alleged in the complaint, the allegations contained in the amended complaint are sufficient to survive a motion to dismiss.

---

[1] On June 10, 1999, plaintiff moved to amend her complaint to clarify her claims against the City of Gardendale. That motion will be granted. *See* Fed. R. Civ. P. 15(a) ("leave [to amend] shall be freely given when justice so requires").

2

Accordingly, the City of Gardendale's motion to dismiss is due to be denied. A separate order, consistent with this opinion, will be entered.

Done, this 4th of August, 1999.

EDWIN L. NELSON
UNITED STATES DISTRICT JUDGE